Jose Ramos-Lopez, J.
This non jury action was brought by the plaintiff to recover under a policy of insurance issued by the defendant, insuring the plaintiff against certain risks of loss including employee dishonesty.
The defendant interposed four separate and complete defenses to this action, and only the “fourth” is the subject of this decision and opinion, since it is the defendant’s claim that the alleged loss claimed herein is not covered by reason of the “ exclusion ” clause contained in the insurance policy sued on herein.
- The policy expressly provides as follows:
‘ ‘ Insuring Agreements. Employee Dishonesty Coverage — Form B. 1. Loss of Money, Securities and other property which the insured shall sustain through any fraudulent or dishonest act or acts committed by any of the Employees, acting alone or in collusion with others, the amount of insurance on each of such Employees being the amount stated in the Table of Limits of Liability applicable to this Insuring Agreement 1.”
“Exclusions. Section 2. This Policy does not apply:-(a) * * * (b) under Insuring Agreement 1, to loss, or to that part of any loss, as the case may be, the proof of which, either as to its factual existence or as to its amount, is dependent upon an inventory computation or a profit and loss computation; provided however, that this paragraph shall not apply to loss of Money, Securities or other property which the Insured can prove, through evidence, wholly apart from such computations, is sustained by the Insured through any fraudulent or dishonest act or acts committed by any one or more of the Employees.”
Under the law, the burden is placed upon the defendant to establish that the property loss is embraced by the exclusionary clause. “ To sustain the construction of an exclusion provision in a policy as urged by the insurer, the insurer has the burden of establishing that the words and expressions used not only * are susceptible of that construction, but that it is the only construction which can be fairly placed thereon” (29 N. Y. Jur., Insurance, § 623, p. 616). Any ambiguity in the exclusionary clause is to be resolved against the insurer and in favor of the insured. (Sincoff v. Liberty Mut. Fire Ins. Co., 11 N Y 2d 386, 390; Shneiderman v. Metropolitan Cas. Co., 14 A D 2d 284, 289.) (See, also, Great Amer. Ins. Co. v. London Records, 35 A D 2d 661, 662.)
*356 This appears to be a case of first impression in this State, in respect to the construction and application, of the exclusionary clause involved herein. The attorneys for the parties herein, have submitted cases in other jurisdictions, including the Federal court. The independent research by this court has turned up further non-New York cases' dealing with the application of the identical clause involved herein.
The defendant herein, rejected the plaintiff’s claim on the ground that it was not covered by the policy by reason of the exclusionary clause and that the plaintiff submitted no proof of employee dishonesty.
The plaintiff’s proof, consists of showing limited access to the premises, the nature of its business, and that the loss was possible only by its employees or through their connivance. The. plaintiff further claimed that when one of its officers noticed a sharp reduction in its shelf stock inventory, an inventory was ordered and as a result it found a shortage between a former inventory and the current inventory and seeks to recover the difference under its policy.
No proof was offered as to the identity of any dishonest employee or employees. There had been no arrest or arrests of any guilty party or parties. In a word, the plaintiff’s cause of action “is dependent upon an inventory computation,’’ but the plaintiff did not offer any proof, 11 through evidence wholly apart from such computations ’ ’ that the loss was sustained “ through any fraudulent or dishonest act or acts committed by any one or more ” of its employees.
The defendant relies upon the decisions of other jurisdictions and claims that under them, the plaintiff has failed to produce •such “other proof ” or “independent evidence” which is required in order to except the loss from the operation of the exclusionary clause.
On the other hand, the plaintiff claims that if those decisions are adhered to, the insurance coverage paid for by it was illusory and that it would be impossible to prove a case under a policy containing an exclusionary clause.
The law in foreign jurisdictions is as the defendant alleges. (See Gillette Co. v. Travelers Ind. Co., 365 F. 2d 7; Paramount Paper Prods. Co. v. Aetna Cas. & Sur. Co., 182 Neb. 828; Hoboken Camera Center v. Hartford Acc. & Ind. Co. 93 N. J. Super. 484; Kentuckiana Sales v. Security Ins. Co. of New Haven, 394 S. W. 744 [Ky.]; Danal Jewelry Co. v. Fireman’s Fund Ins.. Co., 264 A. 2d 326 [R I.].)
*357 The plaintiff cites the case of Hoboken Camera Center (supra) as authority for this court to disregard the foregoing line of decisions and to accept the mere inventory computation, unsupported by “ other proof ” or “independent evidence ” as the basis of imposing liability upon the defendant. This court is unable to do so. Furthermore, the Hoboken Camera Center case holds that for the inventory computation to be admissible, there must be some appreciable proof from other facts and circumstances of a loss caused by employee dishonesty or corroboration sufficient to make a case for the fact-finder (p.499).
The plaintiff’s claim that the exclusionary clause makes insurance coverage for loss due to employee dishonesty illusory, is not well taken (see Kentuckiana Sales v. Security Ins. Co. of New Haven, 394 S. W. 2d 744 [Ky.], supra, wherein recovery was permitted by reason of the presence of the necessary “ other proof ” or “ independent evidence ”).
The plaintiff’s claim is further diluted by a New York case in which the defendant did not specifically plead the exclusionary clause as a separate and complete defense. The court examined the decisions and records on appeal both in the Appellate Division and the Court of Appeals in that case. The plaintiff had submitted “ other proof” and “independent evidence” of the employee’s dishonesty in a motion for summary judgment, which was granted and affirmed op appeal on other grounds, namely, the defendant’s ignoring detailed schedules setting forth names and addresses of passengers whose payments had been misappropriated, copies of'affidavits from tjiem, receipted bills, canceled checks, tickets and verification letters and the employee’s confession of his thefts (see Paul Tausig & Son v. Providence Washington Ins. Co., 28 A D 2d 279, affd. 21 N Y 2d 1022).
The court finds the exclusionary clause to be definite and unambiguous. ‘ ‘ To hold that this specific language should be interpreted to mean something other than that plainly stated would constitute an infringement on the right of the parties to write their own contract.” (Gillette Co. v. Travelers Ind. Co., 365 F. 2d 7, 9.)
At the end of the plaintiff’s case, the defendant also rested and moved to dismiss upon the ground that the plaintiff had failed to prove a prima facie case. The court denied that motion. The court has since reconsidered its denial of that motion and now grants that motion because of the plaintiff’s failure to prove a prima facie case under the insurance policy issued by the defendant.
*358 The defendant haying proved, the existence of the exclusionary clause, and the plaintiff having failed to show by ‘ ‘ other proof” or “independent evidence,” facts of employee dishonesty, which would take the loss out of the operation of the exclusionary clause, the plaintiff has therefore failed to prove a prima facie case.
Accordingly, the court grants judgment in favor of the defendant and against the plaintiff, dismissing the complaint, with costs.